DUFFIELD v. THE DENVER & RIO GRANDE RAILROAD
COMPANY.

1. PLEADINGS—SHAM DEFENSES.
A sham defense is one which, while sufficient in form, is not interposed
in good faith, but for the purpose of delay or the obstruction of
justice. Its sham character must appear *aliunde;* and upon the
presentation of facts clearly showing its falsity and the bad faith of
the party pleading it, it may be stricken out.

2. STATUTORY CONSTRUCTION.
A writ of replevin is not a summons within the meaning of the act of
April 13, 1891, relating to the return of summons in actions com-
menced in justice court against corporations.

*Appeal from the District Court of Arapahoe County.*

Mr. R. D. THOMPSON, for appellant.

Messrs. WOLCOTT & VAILE and Mr. HENRY F. MAY, for
appellee.

THOMSON, J., delivered the opinion of the court.

The complaint charges the unlawful taking and carrying
away by the defendant Duffield from the possession of the
plaintiff of one bottle of gold nuggets, the property of the
plaintiff, of the value of $100; and its detention, to the
plaintiff's damage in that sum. Two defenses were set up
in the answer. The first denied property in the plaintiff,
and alleged that the plaintiff, being engaged in the express
business under the name of The Denver and Rio Grande
Express, had in its possession the bottle in question, which
was the property of one J. S. Templin; that it had been
shipped to him at Denver by express; that the defendant,
as the agent of Templin, and having his authority for that
purpose, received the property from the defendant, giving
his receipt therefor, and turning it over to the owner, and
that this was the taking complained of.

The second averred that the property belonged to Templin, having been shipped to him by the plaintiff's express (the name of the plaintiff, for the purposes of its express business, being The Denver and Rio Grande Express); that it had been demanded from the plaintiff by Templin, who at the time of the demand offered to pay the express charges upon the property, but delivery of the property and acceptance of the charges tendered were refused; that Templin commenced an action in replevin before a justice of the peace against the plaintiff by the name of The Denver and Rio Grande Express, to recover the property, causing a writ of replevin to be issued and delivered to the defendant as constable, who, in pursuance of the commands of the writ, took the property into his possession, it being voluntarily and without protest delivered to him by the defendant's agent; that judgment in the action was rendered in Templin's favor, and the property thereupon turned over to him by the defendant; that the action was commenced on the 17th day of August, 1892, and the writ made returnable on the 24th day of the same month.

The plaintiff moved to strike out the first defense as a sham, and demurred to the second as insufficient. The motion and demurrer were both sustained, and judgment given against the defendant. These rulings are assigned for error.

A sham defense is one which, while sufficient in form, is not interposed in good faith, but for the purpose of delay, or the obstruction of justice. Being good upon its face, its sham character must appear from something outside of itself; and upon the presentation of facts clearly showing its falsity, and the bad faith of the party pleading it, it may be stricken out. There was no such showing made in this case. Counsel concede that if the defense stood alone, it could not be shown to be sham except by affidavits; but it is contended that the falsity of the first defense appears from the second, which avers the taking of the property by virtue of a writ of replevin; whereas the first alleges its delivery to the

defendant as the agent of the owner.   We are not prepared
to say that both defenses may not be true; but, conceding
that they are so inconsistent that one of them must be false,
there is nothing in the record upon which a judgment be-
tween them can be based, or from which it can be said which
is false.   We do not think it was allowable to counsel to
assume the truth of the second defense and therefore ask the
rejection of the first, when, for anything disclosed by the
record, they might with equal propriety have taken the first
to be true and fastened upon the second as a falsehood.   Nor
do we conceive that in the absence of any showing for its
guidance, the court was authorized to assume the truth of
either to the exclusion of the other.   The effect of the ruling
was to determine a question of fact without a trial, and we
have no hesitation in pronouncing it erroneous.

The only objection urged to the second defense is that,
the defendant in the replevin suit being a corporation, the
writ under which the defendant here seeks to justify was
void, because by its terms it was made returnable in less
than twenty days, and was, therefore, not in compliance with
the provisions of the statute concerning the service of sum-
mons in justices' courts upon private corporations.

On April 13, 1891, an act of the general assembly was
approved, which reads as follows : " In all suits brought in
any justice court, police court or court not of record in this
state, service of summons may be made upon private or for-
eign corporations in the manner following, to wit: when suit
is brought in the county in which such corporation has its
principal office, or in which its principal business is carried
on, service may be made by delivering a copy of the sum-
mons to the president or other head of such corporation, or
to the secretary, cashier, treasurer or general manager there-
of, or, in case of the absence of said officers from the county,
then upon any stockholder residing in the county in which
suit is brought.   In all other cases service of summons may
be made upon such corporation by delivering a copy thereof
to the principal, local or station agent of such corporation,

resident and employed in the county in which suit is brought. *Provided :* That, in all suits brought against corporations in the courts hereinbefore designated, summons shall be made returnable in not less than twenty days, nor more than thirty days from date of issuance of summons, and shall, to make service valid and effectual, be served at least ten days prior to the return day designated in the summons. In case of failure of service, alias and pluries summons, if necessary, may be issued. Nothing herein contained shall be construed to authorize the commencement of suit before any justice of the peace in any precinct or township other than that in which suit may be commenced by plaintiff, as is now provided by law." Session Laws, 1891, p. 101.

A construction of this act is necessary in order to determine whether the writ in question was void by reason of the time within which it was made returnable. If that writ shall be held to be a summons within the meaning of the act, and, therefore, governed by its provisions, then, being returnable seven instead of twenty days from the date of its issuance, it cannot be regarded as a valid writ.

Prior to February 8, 1879, the jurisdiction of a justice was, by the terms of the act concerning justices of the peace, confined to suits in which an amount of money not exceeding $300 was claimed by the plaintiff; and the only judgment which the justice was authorized to render, was one for such amount in dollars and cents within his jurisdiction, as might appear to be due, with costs of suit; excepting that where the plaintiff failed in his proof, judgment might be rendered against him for costs only. The suit could not be commenced otherwise than by summons, which was issued to a constable and commanded him to summon the defendant to appear at a day and hour named to answer the complaint of the plaintiff for a failure to pay him a certain demand not exceeding $300. There were no written pleadings, but it was the duty of the justice to indorse on the back of the summons the sum demanded by the plaintiff with the costs accrued. General Statutes (1883), secs. 1925–1938.

This was the process issued by a justice of the peace, for the purpose and in the form prescribed, which the law designated as a summons; and this law, excepting as it has been changed by amendment, is still in force.

On February 8, 1879, an act was approved giving justices of the peace jurisdiction in the action of replevin, and regulating the practice therein. Gen. Stats., (1883) sec. 2022. This act limited the value of the property which might be recovered to $300. Under its provisions the action must be commenced by the filing in the office of the justice, by the plaintiff, his agent or attorney, of an affidavit setting forth certain specified matters, and an undertaking conditioned as prescribed; and upon the filing of the affidavit and undertaking, it was the duty of the justice to issue a writ of replevin directed to a constable commanding him to seize and take into his custody the property mentioned in the affidavit, and to summon the defendant to appear at a specified time and place not less than five nor more than fifteen days from the date of the writ. This was the only process provided for in the act. The writ was executed by taking possession of the chattels and delivering a copy to the defendant, and a return was made upon it of the manner of its service. This law as it was originally enacted is now in force, unless it has been amended or modified by the act of February 13, 1891. There is nothing in the latter act defining the word summons, and to ascertain what the legislature intended by the term, resort must be had to legislation existing and in force at the time of the passage of the act. The process, issued upon an affidavit and undertaking in replevin, is nowhere called a summons; and while in addition to the other purposes for which it is issued, it is made to perform an office analogous to that of a summons, its distinctive legal name is a writ of replevin. On the other hand, the distinctive and technical name of a process issued in cases of which justices had jurisdiction prior to the replevin act is a summons; and it is to that process only that, both before and since the passage of the replevin act, the term summons has been applied. These being the

names given by the law to the two classes of process, in the absence of any language indicating such purpose, it is not to be presumed that the legislature intended to change the established legal use of terms, and to apply the appellation of summons to a writ which had not hitherto been known by that name, and whose principal characteristics were not those of a summons; but, on the contrary, the presumption is that the word was used with reference only to the process which had formerly been so designated. It is our opinion, therefore, that the replevin act referred to, and the practice prescribed by it, are unaffected by the law of 1891, and that the writ set forth in the answer was, as to the time within which it was made returnable, regular and valid. We are clearly of the opinion that the demurrer to the second defense should have been overruled; and for the reasons which we have stated the judgment must be reversed.

*Reversed.*